UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMIAH YBARRA,
#55024-280,

      Plaintiff,

Civil Action No. 22-cv-12610
HON. BERNARD A. FRIEDMAN

vs.

THE STATE OF MICHIGAN,

      Defendant.
_____/

**ORDER OF DISMISSAL FOR LACK OF**
**SUBJECT MATTER JURISDICTION**

Jeremiah Ybarra is currently incarcerated with the federal Bureau of Prisons. (ECF No. 1, PageID.4). He filed this action alleging that the State of Michigan violated his due process rights when "child protective services" placed his biological daughter in the custody of same-sex foster parents without his consent. (*Id.*, PageID.1-2). Ybarra finds same-sex marriage immoral and requests that state officials place the child with his relatives. (*Id.*, PageID.4). Ybarra also claims that he is part Native-American and that the foster parents disparage his ethnicity to his daughter.[1] (*Id.*, PageID.2).

---

[1] Ybarra does not allege that his daughter's placement with non-Native-American foster parents violates the Indian Child Welfare Act of 1978. Among other things,

The Eleventh Amendment prohibits a suit brought in federal court against a State and its officials unless the State has expressly waived its sovereign immunity or unequivocally consented to be sued. U.S. Const. amend. XI; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Cady v. Arenac County*, 574 F.3d 334, 342-43 (6th Cir. 2009). The State of Michigan has not waived its sovereign immunity or consented to be sued in federal court. *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004); *see also Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). So the State is entitled to Eleventh Amendment immunity. And with that immunity, the Court is deprived of subject matter jurisdiction to entertain this case. *See Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (holding that "the Eleventh Amendment is a true jurisdictional bar that courts can—but are not required to—raise *sua sponte* at any stage in litigation, and, once raised as a jurisdictional defect, must be decided before the merits."). Accordingly,

IT IS ORDERED that the complaint (ECF No. 1) is dismissed for lack of subject matter jurisdiction.

Dated: December 6, 2022  
Detroit, Michigan

s/Bernard A. Friedman  
Bernard A. Friedman  
Senior United States District Judge

---

the Act provides that "[i]n any foster care or preadoptive placement, a preference shall be given, in the absence of good cause to the contrary, to a placement with – (i) a member of the Indian child's extended family . . . ." 25 U.S.C. § 1915(b)(i).

2

3

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on December 6, 2022.

| | |
|---|---|
| **Jeremiah Ybarra** #55024-280<br>ELKTON FEDERAL CORRECTIONAL INSTITUTION<br>Inmate Mail/Parcels<br>P.O. BOX 10<br>LISBON, OH 44432 | s/Johnetta M. Curry-Williams<br>Case Manager |